Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2219 | **DATE** | 4/5/11 |
| **CASE TITLE** | Vennis McCall (#2008-0028575) v. Carlton Flagg, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to compel Defendants to respond to discovery [46] and his motion for the appointment of counsel [48] are denied without prejudice. Currently, this case is stayed pending resolution of Plaintiff's state criminal proceedings. He may refile these motions after the stay is lifted, which Plaintiff may seek to do after his state criminal proceedings are no longer pending. Plaintiff's letters to the Court [50, 51] are construed as a motion for relief from the court's 1/21/11 order, which is denied. The parties may report the status of Plaintiff's criminal case at the next status hearing in this case on April 21, 2011, at 9:30 a.m.

■ [For further details see text below.]                                                                                   Docketing to mail notices.

## STATEMENT

Plaintiff Vennis McCall, a Cook County Jail inmate, filed this 42 U.S.C. § 1983 civil rights action against Chicago Police Superintendent Phil Cline and Police Officers Carlton Flagg and Allen Nathaniel. Plaintiff alleges that Flagg and Nathaniel used excessive force when interrogating him following his arrest in April 2008. More specifically, Plaintiff contends that the police officers applied pressure to his gunshot wound on his left arm and, according to Plaintiff's recent filings, pointed a gun at his head when interrogating him about a triple homicide. Criminal proceedings for the homicides are currently pending in state court.

On August 17, 2010, Defendant Cline filed a motion to dismiss. On September 29, 2010, Defendants Flagg and Nathaniel filed a motion to stay this case. The Court set a briefing schedule for the motions and informed Plaintiff that he could submit one pleading that responded to both motions. Plaintiff submitted two "Answers" to Cline's motion to dismiss, but did not respond to Flagg and Nathaniel's motion to stay. On January 21, 2011, the Court granted both Cline's motion to dismiss and Flagg and Nathaniel's motion to stay. The Court set a status hearing date of April 21, 2011, at which the parties may inform the Court of the status of Plaintiff's state criminal case.

Plaintiff recently forwarded a letter to the court that states he filed or meant to file two "Answers," one for each motion. Plaintiff includes a copy of his response to Flagg and Nathaniel's motion to stay, which the Court is now seeing for the first time. The Court construes Plaintiff's letter and response to the motion to stay as a motion seeking relief from the January 21, 2011, order, under Fed. R. Civ. P. 60(b)(6). Review of Plaintiff's response, however, does not persuade the Court to alter its decision to stay this case.
**(CONTINUED)**

isk

| STATEMENT |
|---|

Plaintiff's response to Flagg and Nathaniel's motion elaborates on his assertions that both officers used excessive force while interrogating Plaintiff by applying pressure to his gunshot wound on his left arm and by pointing a gun at his head. (R. 51, p.3-5.) Although Plaintiff has provided additional information about his excessive-force claim against the two officers, he does not address whether a ruling by this Court would affect his state criminal proceedings. (*Id.*) As the Court noted in its January 21, 2011, order, Plaintiff may have stated an excessive-force claim, but this court may not address that claim if a ruling by this court would in any way affect the state criminal case. Federal courts should avoid "potential federal-state friction." *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir.1995); *Hunt v. Thomas*, No. 07 C 4733, 2009 WL 2601320, 4 (N.D. Ill. Aug. 20, 2009).

Construing Plaintiff's current filings as a Rule 60(b) motion for relief from judgment, the court must deny the motion. See *Craft v. Flagg*, No.06 C 1451, 2010 WL 5363914, *1 (N.D. Ill. Dec. 13, 2010) (Keys, M.J.) (a motion for relief from judgment should be rarely used and is "primarily to correct serious errors of law or to present newly discovered evidence") (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir.1987)). Plaintiff has not shown error in the Court's January 21, 2011, order. Accordingly, Plaintiff's motion for relief from that judgment is denied, and the stay imposed in that order remains in effect. Plaintiff may seek to lift the stay after his state court criminal proceedings have concluded and are no longer pending. The parties may report the status of the state court proceedings at the Court's next status hearing and are encouraged to submit periodic reports in this case about the status of the state case.

Plaintiff's motions to conduct discovery and for the appointment of counsel are denied at this time. He may refile such motions after the stay has been lifted.