# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2219 | **DATE** | July 29, 2011 |
| **CASE TITLE** | Vennis McCall (#2008-0028575) v. Carlton Flagg, et al. | | |

**DOCKET ENTRY TEXT:**

The Court accepts Plaintiff's amended complaint [69] and directs the issuance of summonses for its service on Defendants Chicago Police Officers Thomas Carr and Allen Szudarski. Once service is accomplished for these Defendants, their counsel should enter an appearance, but need not yet respond to the amended complaint. Pursuant to the Court's 1/21/11 order [45], this case is stayed pending resolution of Plaintiff's state criminal proceedings. The stay remains in effect in accordance with that order. The U.S. Marshal is appointed to serve these Defendants.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Vennis McCall (#2008-0028575), an inmate at the Cook County Jail, initiated this 42 U.S.C. § 1983 action against Chicago Police Officers Carlton Flagg and Allen Nathaniel. Plaintiff alleged that the officers used excessive force during their interrogation of Plaintiff on April 23, 2008.

On January 21, 2011, this Court stayed this case pending resolution of Plaintiff's state criminal proceedings, the subject of which is the offense about which Plaintiff was being interrogated. Plaintiff was allowed to submit an amended complaint that included the names of two additional officers who allegedly joined Flagg and Nathaniel's use of excessive force. Plaintiff's amended complaint names Chicago Police Officers Flagg and Nathaniel, as well as two more Defendants, Officers Thomas Carr and Allen Szudarski.

Similar to his original complaint, Plaintiff alleges that, on April 23, 2008, while interrogating Plaintiff, Officers Flagg and Carr repeatedly applied pressure to Plaintiff's left arm in the area where he had been shot. These officers also allegedly drew their guns and pointed them at Plaintiff. [See 69, at 5-6.] Later, Officers Nathaniel and Szudarski allegedly pulled and twisted Plaintiff's left arm while interrogating him. *Id.* at 6-7. Plaintiff's allegations assert a colorable cause of action of excessive force against all four of the Defendants. See *Wilkins v. May,* 872 F.2d 190, 192-94 (7th Cir. 1989). However, for the reasons stated in the Court's January 21, 2011 order, this case is stayed while Plaintiff's criminal case is pending in state court. Accordingly, the Court accepts Plaintiff's amended complaint; the new Defendants shall be served with the amended complaint; and the January 21, 2011, order staying this case shall apply to the amended complaint.
**(CONTINUED)**

isk

## STATEMENT

    The clerk shall issue summonses for service of the amended complaint on Chicago Police Officers Thomas Carr and Allen Szudarski. The United States Marshals Service is appointed to serve Carr and Szudarski with the amended complaint [69]. The Marshal may send forms necessary for service to Plaintiff. If the Defendants are no longer officers with the Chicago Police Department, officials there shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service, and the Marshal may forward waivers to the attorney for the served Defendants. If unable to obtain waivers of service, however, the Marshal shall attempt to serve the Defendants personally.

    If counsel for Officers Flagg and Nathaniel is able to accept a waiver of service for Officers Carr and Szudarski, he should notify the Marshal or simply enter an appearance for the newly added Defendants.